IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANA R. RIOS )
    Plaintiff, )
     )
v. )
     )
BAYSTATE CONSTABLES, INC. d/b/a BAYSTATE )
CONSTABLES, CONSTANCE SORENSON, JANE ROE )
and JOHN DOES 1 and 2, )
    Defendants. )

05  11535 NMG

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"); the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the Massachusetts Banking Commissioner's and Massachusetts Attorney General's Regulations promulgated thereunder, 209 C.M.R. 18.00 and 940 C.M.R. 7.00, respectively; and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Attorney General's General Regulations promulgated thereunder, 940 C.M.R. 3.00, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and for Defendants' fraud and conversion of Plaintiff's vehicle.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff, Ana R. Rios, is a natural person residing in Maynard, Massachusetts.

4. Defendant Baystate Constable, Inc. d/b/a Baystate Constables, Inc. and Baystate Constables (hereafter "Baystate") is a Massachusetts corporation with a place of business at 6 Courthouse Lane, Chelmsford, Massachusetts.

5. Defendant Baystate uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts and/or regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due others.

6. Defendant Baystate is a debt collector as that term is defined in FDCPA § 1692a(6).

7. On information and belief, at all relevant times, Baystate was required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

8. On information and belief, at all relevant times, Baystate was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

9. Baystate, at all relevant times was not, and, because it is a corporation, could not be, a constable of the Town of Maynard nor of the Town of Chelmsford.

10. Defendant Constance Sorenson (hereafter "Sorenson") is a natural person and is the President, Treasurer, Secretary, sole director and, on information and belief, sole stockholder of Baystate.

11. On information and belief, at all relevant times, Sorenson was not a constable of the Town of Maynard nor of the Town of Chelmsford.

12. Sorenson uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts and/or

regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due others.

13. Sorenson is a debt collector as that term is defined in FDCPA § 1692a(6).

14. On information and belief, at all relevant times, Sorenson was required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

15. On information and belief, at all relevant times, Sorenson was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

16. On information and belief, Sorenson determines, directs and implements the policies and procedures used by Baystate, including those described below.

17. On information and belief, there is unity of interest and ownership between Baystate and Sorenson such that they are essentially the same personality and Baystate is the alter ego of Sorenson.

18. On information and belief, Baystate is insufficiently capitalized for purposes of its corporate undertaking and has been operated in such a manner.

19. On information and belief, Baystate has not observed corporate formalities and fails to keep sufficient corporate records.

20. On information and belief, Sorenson pervasively controls Baystate for her personal benefit and siphons corporate funds to her own benefit.

21. Sorenson uses Baystate in promoting the fraudulent activities described below.

22. Honoring the corporate separateness of Baystate would promote fraud or create injustice and justice requires disregarding the corporate form of Baystate.

23. Defendants represent to the public, through information listed with the

Massachusetts Secretary of the Commonwealth, that Defendant Sorenson's address is 621 Arboretum Way, Burlington, Massachusetts.

24. In fact, on information and belief, Sorenson no longer resides at that address.

25. On information and belief, Defendant Jane Roe was at all relevant times an agent and/or employee of Baystate acting within the scope of her employment and/or agency. Plaintiff does not know who she is.

26. On information and belief, at all relevant times, Jane Roe used instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which was the collection of debts and/or regularly collected or attempted to collect debts owed or due or asserted to be owed or due others and was a debt collector as that term is defined in FDCPA § 1692a(6).

27. Defendants John Does 1 and 2 are other natural persons who were involved in the seizing of Plaintiff's vehicle described below. Plaintiff does not know who they are.

28. At all relevant times, John Does 1 and 2 were agents or employees of Baystate acting within the scope of their agency or employment.

29. On information and belief, at all relevant times, John Does 1 and 2 regularly collected or attempted to collect debts owed or due or asserted to be owed or due others and were debt collectors as that term is defined in FDCPA § 1692a(6).

**FACTUAL ALLEGATIONS**

30. On information and belief, on or about July 28, 2004 Defendants seized Plaintiff's Buick automobile.

31. On information and belief, Baystate seized Plaintiff's vehicle at the request of Commonwealth Receivables, Inc. (hereafter "Commonwealth Receivables").

32. Commonwealth Receivables had obtained a default judgment in April 2004 for $882.33 in a small claims court lawsuit (hereafter "small claims lawsuit") involving a Providian account that had been discharged in June 2003 in Plaintiff's bankruptcy.

33. On March 4, 2005, after Plaintiff had filed a motion to vacate the judgment in the small claims lawsuit and Commonwealth Receivables had filed a Notice of Voluntary Dismissal, the small claims lawsuit was dismissed.

34. On information and belief, at no time had Commonwealth Receivables obtained any court order awarding it post-judgment costs against Plaintiff.

35. In the course of the seizure, John Does 1 and 2 accosted Plaintiff and stopped her vehicle late in the evening while she and several passengers were inside.

36. John Does 1 and 2, accompanied by a uniformed Maynard police officer, displayed a badge in order to intimidate Plaintiff and facilitate their seizure of her vehicle.

37. Plaintiff explained that the Providian account had been discharged and showed John Does 1 and 2 a copy of her bankruptcy discharge documents.

38. Plaintiff asked John Does 1 and 2 to wait one day so that she could obtain additional documentation of the discharge the next day to prove that the Providian account was no longer owed.

39. John Does 1 and 2 telephoned Jane Roe on a cell phone to discuss the matter.

40. Jane Roe spoke with Plaintiff on the telephone and did not identify herself.

41. Jane Roe refused to discontinue the seizure and spoke abusively to Plaintiff on the telephone.

42. John Does 1 and 2 forced Plaintiff to empty her vehicle and surrender it to them at that time, taking the key to her car.

43. The next day, Plaintiff had to get a ride from a friend to Dedham to see her bankruptcy counsel, who telephoned Baystate, informed Baystate that the Providian account had been discharged in bankruptcy and offered to fax documentation thereof to Baystate.

44. Baystate insisted that Plaintiff had to come in person to its office in Chelmsford with the documentation in order to retrieve her vehicle.

45. Plaintiff's counsel asked Baystate where Plaintiff's vehicle was being kept and Baystate told him that the vehicle was in Chelmsford.

46. Plaintiff then had to get a ride from Dedham to Chelmsford to show Baystate the documentation of the discharge.

47. When Plaintiff arrived at Baystate's office in Chelmsford, Baystate's agents told her that her vehicle was in Framingham.

48. Plaintiff then had to get a ride to Framingham to retrieve her vehicle.

## COUNT I — FDCPA

49. Plaintiff realleges paragraphs 1 through 48 above.

50. Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

51. The Providian account was a debt as that term is defined in FDCPA § 1692a(5).

52. Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. False and misleading representations or implications that Defendants are vouched for, bonded by or affiliated with the Commonwealth of Massachusetts or the Town of Maynard, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

   b. False and misleading representations or implications that Defendants are connected with the Maynard Police, in violation of FDCPA §§ 1692e, 1692e(1) and

1692e(10) and 1692d;

 c. False and misleading representations or implications that Defendants are constables and/or a constable office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

 d. Communicating with Plaintiff after 9:00 p.m., in violation of FDCPA § 1692c(a)(1) and 1692d;

 e. Communicating with Plaintiff without meaningful disclosure of the caller's identity, in violation of FDCPA §1692d;

 f. Communicating with the Maynard Police in the collection of a debt, in violation of 1692c(b) and 1692d;

 g. False and misleading representations or implications that Plaintiff's vehicle was in Chelmsford, in violation of FDCPA §§ 1692d, 1692e, and 1692e(10);

 h. False and misleading representations as to the character, amount and legal status of the debt, in violation of FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10);

 i. False and misleading representations and implications that Defendants are entitled to seize or request seizure or hold or request holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

 j. The threat to take action which cannot legally be taken, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

 k. False and misleading representations and implications as to Defendant Sorenson's address, in violation of FDCPA § 1692e and 1692e(10);

 l. False and misleading representations and implications that Defendants are entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA

§§ 1692e and 1692e(10);

    m.    Failing to clearly disclose the information required by FDCPA § 1692e and 1692e (11);

    n.    Failure to send Plaintiff a written notice containing the information required by FDCPA § 1692g;

    o.    Use of any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of FDCPA § 1692d;

    p.    Use of false, deceptive or misleading representations or means in connection with the collection of the debt, in violation of FDCPA § 1692e; and

    q.    Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

### COUNT II — MASSACHUSETTS DEBT COLLECTION ACT

53.    Plaintiff realleges paragraphs 1 through 52 above.

54.    Defendants are debt collectors, as that term is defined in M.G.L. ch. 93 § 24 and 209 C.M.R. 18.03.

55.    On information and belief, at all relevant times, Defendants were assignees of the judgment debt, which they were attempting to collect.

56.    By their actions and conduct described above, Defendants have failed to comply with and thereby violated the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Massachusetts debt collection laws, M.G.L. ch. 93 §§ 24-49, and regulations promulgated thereunder, including but not limited to: M.G.L. ch. 93 § 24 and 49; 209 C.M.R. §§ 18.04, 18.14(1)(e), 18.15, 18.15(7), 18.16, 18.16(1), (2)(a), (5), (10), (11) and (16), 18.17, 18.17(1); 940

C.M.R. 7.04(1)(i), (d) and (k) and 7.07(2) and (3); thereby violating M.G.L. ch. 93A § 2.

57.  Plaintiff has demanded relief from Defendant pursuant to M.G.L. ch. 93A § 9(3). Defendant provided no relief to the plaintiff. Plaintiff's demand is attached hereto as **Exhibit 1**.

58.  The conduct of the Defendant described above constituted a willful and knowing violation of the Massachusetts debt collection laws and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A § 2.

### COUNT III — MASSACHUSETTS CONSUMER PROTECTION ACT

59.  Plaintiff realleges paragraphs 1 through 58 above.

60.  The actions and conduct of Defendant described above constitute unfair and deceptive acts and practices under the Massachusetts Consumer Protection Act, in violation of M.G.L. ch. 93A § 2 and 940 CMR 3.16(1), (3) and (4).

### COUNT IV — COMMON LAW FRAUD

61.  Plaintiff realleges paragraphs 1 through 60 above.

62.  Defendants' misrepresentations described above were of material fact.

63.  The above-described misrepresentations were made willfully and maliciously.

64.  Defendants made the above-described misrepresentations of material facts with full knowledge or reason to know of their falsity.

65.  Defendants intended that Plaintiff rely upon the above-described misrepresentations and made them for the purpose of inducing Plaintiff to act upon them.

66.  Plaintiff did justifiably rely and act upon the above-described misrepresentations by Defendants.

### COUNT V — CONVERSION

67.  Plaintiff realleges paragraphs 1 through 66 above.

68. On information and belief, Defendants had no right to seize or hold Plaintiff's vehicle.

69. Defendants converted Plaintiff's vehicle from her when they seized it and held it.

70. Defendants' actions described above were willful and malicious.

## PLAINTIFF'S DAMAGES

71. As a result of Defendants' violations of the FDCPA and Massachusetts laws and of Defendants' conversion of Plaintiff's vehicle and fraud described above, Plaintiff suffered actual damages, including loss of use of her vehicle, expenses in obtaining copies of her bankruptcy discharge documentation, expenses incurred in retrieving her vehicle, expenses incurred in obtaining documentation of proceedings in the small claims lawsuit, embarrassment, humiliation, aggravation, inconvenience, frustration and emotional distress.

72. Defendants intended to cause Plaintiff emotional distress by their actions and conduct described herein.

73. Plaintiff is entitled to her actual damages pursuant to FDCPA § 1692k(a)(1) and M.G.L. ch. 93A § 9(3) and for Defendants' fraud and conversion of Plaintiff's vehicle.

74. Plaintiff is entitled to three times her actual damages pursuant to M.G.L. ch. 93A § 9(3).

75. Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

76. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3) and M.G.L. ch. 93A § 9(4).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her

actual damages, trebling that amount pursuant to M.G.L. ch. 93A § 9(3);

    B.    Enter judgment for the Plaintiff and against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

    C.    Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L. ch. 93A § 9(4);

    D.    Grant such other and further relief as may be just and proper.

                      Ana R. Rios, Plaintiff
                        by her Attorney,

                        _____
                        Yvonne W. Rosmarin  BBO #566428
                        Law Office of Yvonne W. Rosmarin
                        58 Medford Street
                        Arlington, MA 02474
                        781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

                        _____
                        Yvonne W. Rosmarin

**Yvonne W. Rosmarin**
Attorney at Law

58 Medford Street
Arlington, MA 02474

ConsumerProtection

**Certified Mail - Return Requested**

June 23, 2005

Ms. Constance Sorenson
Baystate Constables, Inc.
119 Drumhill Road
PMB #369
Chelmsford, MA 01824

Re:     Ana Rios

Dear Sir/Madam:

This is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, made on behalf of my client, Ana Rios of 20 Dawn Road, Maynard, Massachusetts. This letter is submitted for purposes of confidential settlement negotiations only and, pursuant to Fed. R. Evid. 408, is not admissible to prove liability for or invalidity of the claim or its amount.

Ms. Rios has suffered damages as a direct result of your unfair and deceptive practices in collecting a judgment debt. This conduct violates M.G.L. ch. 93A § 2; the state debt collection laws, M.G.L. ch. 93 §§ 24-28, 49; the Banking Commissioner's debt collection regulations, 209 CMR 18.00; the Massachusetts Attorney General's debt collection regulations, 940 CMR 7.00, and General Regulations, 940 CMR 3.00; and other applicable laws. The following outline describes these violations of law and provides you with an opportunity to settle this matter. Although not all-inclusive, the following summary is more than sufficient to demonstrate the violations of law in which you have engaged.

On or about July 28, 2004, you caused my client's Buick automobile to be seized, ostensibly pursuant to an execution on a default judgment in a small claims court action. In the course of this seizure, your agents, two men, accosted Ms. Rios in her car late in the evening near her home while accompanying her son who was driving several of his friends in the vehicle. Your agents stopped my client's vehicle. With a uniformed Maynard police officer in the background, your agents displayed a badge in order to intimidate Ms. Rios and facilitate their seizure of her vehicle. Your agents showed my client an execution in a small claims court case and informed her that the debt involved a Providian account. This account had previously been discharged in bankruptcy. Ms. Rios explained that the debt had been discharged and ultimately showed your agents a copy of her bankruptcy discharge documents. My client asked your agents to wait a day and offered to obtain additional documentation in the morning so that she could prove to you that the debt had been discharged in bankruptcy and was no longer owed. Your agents telephoned one of your other agents, a woman, on a cell phone to discuss the matter. The

Tel 781-648-4040   •   Fax 781-643-6164   •   YRosmarin@abanet.org

Also Admitted in Illinois and Colorado

EXHIBIT 1 p. 1

Ms. Constance Sorenson
Baystate Constables, Inc.
June 23, 2005
Page 2

woman, who did not identify herself, spoke with Ms. Rios on the telephone. The woman refused to discontinue the seizure and spoke abusively to my client on the telephone. Your agents made Ms. Rios empty her vehicle and surrender it to them right then and took the key to her car.

The next day, in order to get to retrieve her vehicle Ms. Rios had to ask a former boyfriend for a ride because you had her car. She first had to go from Maynard to Dedham to get copies of her bankruptcy file to show you from her bankruptcy attorney, to whom she had to pay a $50.00 for a consultation regarding the seizure. Ms. Rios's attorney called you, informed you that the account in question had been discharged in bankruptcy and asked if he could fax copies of the documents from her bankruptcy to you as proof. Your agent told him that my client had to come in person to your office in Chelmsford with the papers in order to retrieve her vehicle. Her attorney asked your agent where Ms. Rios's car was and your agent told him that the vehicle was at a towing company nearby in Chelmsford.

When Ms. Rios arrived at your office in Chelmsford, she spoke with two of your agents and showed them the documents from her bankruptcy case. Your agents then told my client that her car was in Framingham, not in Chelmsford and gave her the name of a towing company that had her car and unclear directions to the towing company, which Ms. Rios had difficulty finding. Once she found the towing company with her car, my client had to wait a long time for someone there to bring the key to her car.

Neither Constance Sorenson nor Baystate Constables, Inc. ("Baystate") was a Maynard constable on the relevant date. As such you had no authority to seize or hold Ms. Rios's vehicle. Your agents were shown documents indicating that the Providian account on which they were collecting was discharged in Ms. Rios's bankruptcy case. Nevertheless, they continued with their seizure of her vehicle, in violation of the bankruptcy discharge injunction in her case. In addition, neither Constance Sorenson nor Baystate was licensed with the Division of Banks as a debt collector as required by M.G.L. ch. 93 § 24.

These above-described actions and conduct have violated Massachusetts law. These violations include but are not limited to:

1.  Confronting my client in a public place, in violation of 209 C.M.R. 18.15(7) and 940 C.M.R. 7.04(1)(k);
2.  False and misleading representations that you are vouched for, bonded by, or affiliated with, and/or are an official of the state or local government, in violation of 209 C.M.R. 18.16(1) and 940 C.M.R. 7.07(3);
3.  False and misleading representations as to the character, amount, extent and legal status of the debt, in violation of 209 C.M.R. 18.16(2)(a) and 940 C.M.R. 7.07(2);

EXHIBIT 1 p. 2

Ms. Constance Sorenson
Baystate Constables, Inc.
June 23, 2005
Page 3

    4.    Attempting to collect an amount not expressly authorized by the agreement or permitted by law, in violation of 209 C.M.R. 18.17(1) and 940 C.M.R. 7.07(2);

    5.    Threatening to take action that cannot legally be taken, in violation of 209 C.M.R. 18.16(5) M.G.L. ch. 93 § 49;

    6.    False and misleading representations and implications that you are entitled to collect debts in the Commonwealth of Massachusetts, in violation of M.G.L. ch. 93 § 24 and 209 C.M.R. 18.04 and 18.16(10);

    7.    Failing to disclose to my client the information required by 209 C.M.R. 18.16(11);

    8.    Communicating with my client by telephone without disclosure of your name, in violation of 209 C.M.R. 18.16(16) and 940 C.M.R. 7.04(1)(d);

    9.    Collecting a debt from my client in Massachusetts without first obtaining a valid license to do so, in violation of M.G.L. ch. 93 § 24 and 209 C.M.R. 18.04;

    10.    Engaging in conduct the natural consequence of which is to harass, oppress or abuse my client in connection with the collection of a debt from my client, in violation of 209 C.M.R. 18.15;

    11.    Using false, deceptive and misleading representations, implications and means in connection with the collection of a debt from my client, in violation of 209 C.M.R. 18.16 and 18.16(10) and M.G.L. ch. 93 § 49;

    12.    Using unfair or unconscionable means to collect a debt from my client, in violation of 209 C.M.R. 18.17; and

    13.    Collecting or attempting to collect a debt from my client in an unfair, deceptive or unreasonable manner, in violation of M.G.L. ch. 93 § 49.

    In addition to the debt collection violations already cited and by the actions described above, you have also violated M.G.L. ch. 93A § 2. *See*, M.G.L. ch. 93 § 49 and 940 C.M.R. 3.16 (1), (3) and (4).

    Ms. Rios was severely distressed by your unfair, deceptive and illegal conduct. Ms. Rios was intimidated by your agents and their use of a police officer in their seizure of her vehicle. She was frightened by your agents who stopped her car late at night and forced her to get out. She was extremely upset and crying at the time and has had nightmares since that time. During the seizure, my client's neighbors were coming out of their homes and looking out of their windows in response to the commotion. Ms. Rios was compelled to ask a neighbor to take her son's friends home. As a result of your unfair and illegal collection methods, my client was embarrassed and humiliated in front of her son, her son's friends and her neighbors. She was forced to disclose in front of these people the fact that she had sought relief in bankruptcy.

    Your illegal conduct also caused Ms. Rios much aggravation, inconvenience and frustration. The day after her car was seized, my client was unable to take her son to work in

EXHIBIT 1 p. 3

Ms. Constance Sorenson
Baystate Constables, Inc.
June 23, 2005
Page 4

Stow and he had to walk there from Maynard. She was also unable to give her friend a ride to work in Waltham as she had previously arranged to do. My client also had to seek a favor of transportation from a former boyfriend, something that was very uncomfortable and stressful for her to do. Ms. Rios had to explain to her former boyfriend what had happened, to her further embarrassment and humiliation, and he used the occasion to argue with her, yell at her and generally give her a hard time. She had to drive with him from Maynard to Dedham to Chelmsford and then to Framingham before going back to Maynard. My client was deprived of her vehicle for the day after you took it and she had to spend the entire day driving around the state with a former boyfriend in order to retrieve her vehicle.

My client paid her former boyfriend $10.00 for gas and bought him dinner at a cost of $30.00 in return for the transportation. Ms. Rios also had to pay her bankruptcy lawyer $50.00 for a consultation during which he contacted you and you refused to release the vehicle on his faxing you the bankruptcy documentation. Finally, my client had to pay $8.00 to the Concord District Court for copies of the court file in the small claims lawsuit in order to determine what had occurred there.

Consequently, you are liable for the intentional infliction of emotional distress under state law. The intentional infliction of emotional distress is also a violation of M.G.L. ch. 93A. As with other intentional violations of M.G.L. 93A, the statute provides for treble damages for the tort. *See Haddad v. Gonzales*, 410 Mass 855, 872; 576 N.E.2d 658, 668 (Mass. 1991) (Supreme Judicial Court upheld an award for over $61,000 dollars for emotional distress resulting from landlord's breach of the implied warranty of habitability and corresponding violations of M.G.L. ch. 93A).

M.G.L. ch. 93A provides that in the case of any successful action to enforce a violation of the Act, a prevailing consumer may recover all reasonable attorney's fees and costs as determined by the Court. Accordingly, my client would be entitled to actual damages in an amount of at least $5,000.00 for your violations of the state law. My client would immediately settle her claims under M.G.L. ch. 93A for $3,500.00 plus an agreement on your part to cease and desist illegally seizing and detaining the vehicles of judgment debtors and charging judgment debtors illegal "fees." I hereby make demand upon you for that amount and for such an agreement to cease and desist.

M.G.L. ch. 93A §9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of the mailing of this letter. Should my client be forced to pursue litigation in this matter, my client may recover up to three times her actual damages plus attorney's fees and costs.

EXHIBIT 1 p. 4

Ms. Constance Sorenson
Baystate Constables, Inc.
June 23, 2005
Page 5

      In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind ch. 93A's settlement encouraging directive.

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of ch. 93A. Multiple damages are "the appropriate punishment" for forcing plaintiffs to litigate clearly valid claims. *International Fidelity Ins. Co. v. Wilson,* 443 NE 2d 1308, 1318 (1983).

      I look forward to hearing from you or your attorney so that we may work toward a prompt and equitable settlement of this matter.

Sincerely,

Yvonne W. Rosmarin

Exhibit 1 p. 5

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
CHELMSFORD, MA 01824

| | | |
|---|---|---|
| Postage | $ 0.60 | UNIT ID: 0174 |
| Certified Fee | 2.30 | Postmark Here |
| Return Reciept Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KNH6WD |
| Total Postage & Fees | $ 4.65 | 06/23/05 |

Sent To: CONSTANCE SORENSON / BAYSTATE CONSTABLES, INC.
Street, Apt. No.; or PO Box No. 119 DRUMHILL RD., PMB #369
City, State, ZIP+4: CHELMSFORD, MA 01824

PS Form 3800, June 2002                See Reverse for Instructions

7002 2410 0002 1614 0426

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONSTANCE SORENSON
BAY STATE CONSTABLES, INC.
119 DRUMHILL RD.
PMB #369
CHELMSFORD, MA 01824

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X _____   ☐ Agent  ☐ Addressee

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7002 2410 0002 1614 0426

PS Form 3811, July 1999      Domestic Return Receipt      102595-99-M-1789

EXHIBIT 1 p. 6

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Ana R. Rios

## DEFENDANTS

Baystate Constables, Inc., d/b/a Baystate Constables, Constance Sorenson, Jane Roe and John Does 1 and 2

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Yvonne W. Rosmarin
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474    781-648-4040

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander / ☐ 365 Personal Injury- Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) / ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters / ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to vacate Sentence | ☐ 740 Railway Labor Act | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☒ 871 IRS-Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☒ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER FR.C.P 23

**DEMAND $**

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 7/18/05

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Ana R. Rios  v. Baystate Constables, Inc., d/b/a Baystate Constables

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMZERED NATURE OF SUIT CODE LISI ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.   195, 369, 400, 440, 441-444, 540, 550, 625. 710, 720, 730,
               740, 790, 791, 820, 830. 840, 850, 890, 892-894, 895, 950.

    ___  III.  110, 120, 130.140, 151, 190, 210, 230, 240, 245, 290.310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875. 900.

    ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES No ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES No ___ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A ___ OR WESTERN SECTION N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Yvonne W. Rosmarin
ADDRESS    Law Office of Yvonne W. Rosmarin, 58 Medford Street, Arlington, MA 02474
TELEPHONE NO.    781-648-4040

(Category.frm - 09/92)